## STATE OF FLORIDA v ROBBINS
### Case No. CTC-87-13469-C
County Court, Volusia County

September 4, 1987

### APPEARANCES OF COUNSEL

**Ben Fox,** Assistant State Attorney, for plaintiff.
**Douglass Huie,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the defendant's Motion to Dismiss under Rule 3.190(c)(4), Florida Rules of Criminal Procedure.

The undisputed and stipulated facts as alleged in the Motion are as follows:

"On or about May 27, 1987 the Daytona Beach, Florida police in an unmarked police vehicle at Madison and Ridgewood were yelled out "Hey Babe" by the defendant. Police stopped and defendant came to

the car, leaned in, and asked the police if he were a "cop". The police answered no and the defendant asked to see his "dick" if he were not a "cop". Police then arrested the defendant who struggled with him during the handcuffing."

The above incident took place at about 5:30 in the afternoon on a city street where several pedestrians were passing by.

The defendant was charged by an information under Section 796.07(3)(b), to-wit: "Prostitution-Solicitation for Lewdness."

At first blush one might suppose that such conduct on the part of the defendant did not constitute "lewdness", but an examination of the definition of lewdness as defined in the statute is:

"Lewdness means any indecent or obscene act."

The question then remains, what is indecent or obscene? Webster's New World Dictionary defines "indecent" as:

"Not proper and fitting, unseemly, improper, morally offensive, obscene."

Section 796.07(3)(b) states:

"It is unlawful to solicit, induce entice or procure another to commit prostitution, *lewdness* or assignation."

The defendant argues, among other things, that no *act* of lewdness was committed, therefore the defendant cannot be charged under the statute.

The definition of "solicit" as defined in Webster's New World Dictionary is as follows:

"To ask or seek earnestly or pleadingly; appeal to or for; to tempt or entice someone to do wrong; to approach for some immoral purpose, as a prostitute does."

Nothing in the definition requires the doing of an act or consummating an inducement or enticement. The defendant's argument is without merit.

Section 796.07, F.S. has been declared constitutional as not being vague or overbroad. *McKenney v. State*, 388 So.2d 1232.

The Court finds that soliciting a person to expose his sexual organs on a public street, although be it in an automobile, at 5:30 p.m., where there is pedestrian traffic constitutes an act of lewdness because it is unseemly, improper and morally offensive.

IT IS THEREFORE,

ORDERED AND ADJUDGED that the defendant's Motion to Dismiss, be and the same, is hereby denied.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 4th day of September, 1987.